# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **KENNETH RAY JONES, ET AL.**<br>    **Appellants** | **CIVIL ACTION NO. 15-2761** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FFIF-AMC OPPORTUNITY FUND,**<br>**LLC., ET AL.**<br>    **Appellees** | **MAG. JUDGE KAREN L HAYES** |

### MEMORANDUM OPINION

Pending before the Court is the appeal of Plaintiffs Kenneth Ray Jones and Stephanie Lenard Jones ("Ms. Jones") (referred to collectively as "Plaintiffs") from Bankruptcy Judge Jeffrey Norman's (hereinafter "the Bankruptcy Court") grant of a motion for default judgment against Defendants Iasis Glenwood Regional Medical Center LP ("Glenwood") and FFIF-AMC Opportunity Fund LLC ("FFIF")[1] in *In re Kenneth Ray Jones and Stephanie Lenard Jones*, Bankruptcy case number 11-30494, Adversary Proceeding Number 15-03004. In its November 23, 2015 opinion, the Bankruptcy Court granted Plaintiffs' motion for default judgment, but declined to award actual damages, attorneys' fees, or punitive damages. This appeal followed.

For the following reasons, the Judgment of the Bankruptcy Court with respect to Plaintiffs' automatic stay provision claim, 11.U.S.C. § 362, *et seq*. is AFFIRMED. However, because the Bankruptcy Court did not address Plaintiffs' claim for statutory damages and attorneys fees' under the Fair Debt Collection Practices Act ("FDCPA"), 15 U,S,C. § 1692 *et seq*., that claim is REMANDED to the Bankruptcy Court for consideration.

---

[1]The Bankruptcy Court referred to FFIF as FFIC.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs filed bankruptcy under Chapter 13. Both before and after Plaintiffs filed the petition, Ms. Jones was treated by Glenwood. At some point, Plaintiffs allege that Glenwood sold Plaintiffs' post-petition debt to FFIF, which in turn engaged Central Portfolio Control, Inc. ("CPC") to collect the debt.

On March 2, 2015, Plaintiffs filed the first Complaint, naming CPC as the lone Defendant. The Complaint was amended on May 6, 2015, to add FFIF and Glenwood as Defendants. The Complaint alleged that FFIF collected on the debt which Glenwood sold to it, in violation of the automatic stay provision and the FDCPA.

FFIF and Glenwood never answered the Complaint. Accordingly, pursuant to Bankruptcy Rule 7055, the Clerk of Court entered default against both Defendants. After those entries, Plaintiffs filed this motion for default judgment. The Bankruptcy Judge held a hearing on November 19, 2015, to determine the proper damage award–if any.

Ms. Jones testified at the hearing that she paid CPC a total of $1,084.44 in April, May, and June 2014. However, according to Ms. Jones, CPC repaid that amount. CPC has also settled with Plaintiffs and is no longer a party to this case.

Ms. Jones testified that she never paid FFIF or Glenwood any money. Neither Defendant contacted her by phone. She did, however, receive some bills from those Defendants.

On November 23, 2015, the Bankruptcy Court granted Plaintiffs' motion for default judgment but declined to award any damages or attorneys' fees. The Bankruptcy Court noted that Plaintiffs had failed to prove damages with any certainty.

2

On November 25, 2015, Plaintiffs filed a notice of appeal of the Bankruptcy Court's refusal to award damages and attorneys' fees. [Doc. No. 1]. On January 21, 2016, Plaintiffs filed their brief in support of the appeal. [Doc. No. 7]. Defendants did not file a response and to this date have not appeared in this Court.

## II.     LAW AND ANALYSIS

### A.     Standard of Review

Title 28, United States Code, Section 158 confers jurisdiction on district courts to hear appeals from final judgments, orders, and decrees of bankruptcy courts sitting within the same judicial district. "Bankruptcy cases appealed to [the] District Court follow a clearly erroneous standard of review regarding questions of fact and a *de novo* standard of review for conclusions of law." *In re Schwegmann Super Markets*, 287 B.R. 649, 653 (E.D. La. 2002) (citing *In re Goerg.*, 930 F.2d 1563 (11th Cir. 1993); *In re Harbour Lights Marina Inc. v. Wandstrat*, 153 B.R. 781 (S.D. Ohio 1993).

### B.     The Bankruptcy Court's Decision

The Bankruptcy Court held a hearing to determine what damages, if any, were appropriate in this case. With respect to the decision not to award damages, the Bankruptcy Court found that Plaintiffs had not suffered any actual damage as a result of FFIF and Glenwood's actions. The Court noted that the only collection was from CPC which refunded the money. The Bankruptcy Court also stated that there was no evidence in the record that Glenwood had sold the debt at all, and thus, no evidence of profit from an alleged sale. The Bankruptcy Court did not address Plaintiffs' claim for recovery based on the FDCPA.

On appeal, Plaintiffs ask this Court to reverse the Bankruptcy Court, arguing that there is

evidence FFIF and Glenwood violated the automatic stay provision and the FDCPA.

    **C.**    **Analysis**

        *1.*    *Default Judgment*

Bankruptcy Rule 7055 relates to default judgments; it incorporates Federal Rule of Civil Procedure 55. *In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D. Tex. 2013). An entry of default is appropriate under Federal Rule of Civil Procedure 55 when a party against whom a judgment for affirmative relief is sought "has failed to plead or otherwise defend a lawsuit." *United States. v. Giles*, 538 F.Supp.2d 990, 993 (W.D. Tex. 2008) (quoting FED. R. CIV. P. 55(a)). Once a default has been entered, unless the judgment is for a sum certain, Rule 55 requires the court to issue a judgment of default. "Because default judgments are seen as drastic remedies, 'a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Freilich v. Green Energy Resources, Inc.*, 297 F.R.D. 277, 280 (W.D. Tex. 2014) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Accordingly, "there must be a sufficient basis in the pleadings for the judgment entered, a request for default judgment may be denied when the complaint is insufficient." *Id.* (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). If a defendant has failed to answer, the Court may treat the allegations in the Complaint related to liability as true. However, the Court may not take as true those allegations related to the proper amount of damages, unless the damages are for a sum certain or liquidated amount.[2] *See Jackson v. FIE Corp.*, 302 F.3d 515 n. 29 (5th Cir. 2002) (citations omitted).

---

[2]In the Amended Complaint, Plaintiffs seek $2,080.44, plus punitive damages and attorneys' fees. The $2,080.44 figure appears to be the total of (1) the $1,080.44 Plaintiffs paid to CPC, and (2) a $1,000 statutory penalty under the FDCPA.

4

### 2.   *The Automatic Stay and Application of Law to Fact*

"After a bankruptcy petition is filed, an automatic stay arises in favor of the debtor." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir. 2008). According to the governing statute, "[A]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is stayed. 11 U.S.C. § 362(a)(3).

The statute also provides for actual damages and attorneys' fees when a breach of the stay damages the debtor:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

As the plain language of the statute indicates, there must be actual damage to the debtor in order for him to recover damages or attorneys' fees. *See, e.g, In re Sturman*, 10-6725, 2011 WL 4472412 at *3 (S.D.N.Y. Sept. 24, 2011) ("Where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate") (citation omitted); *In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005) (noting that actual damages under the automatic stay provision are those to compensate for a real or actual injury, as opposed to nominal and punitive damages); *In re Martinez*, 281 B.R. 883, 886 (Bankr. W.D. Tex. 2002) ("In some cases, however, the actual damages will be nearly nonexistent, in which case no damages at all would be awarded."). This damage must precede the filing of the complaint. Finally, there can be no award for attorneys' fees without a finding of actual damage.

In this case, the Bankruptcy Court expressed skepticism that Plaintiffs had suffered any damages, or that Glenwood sold the debt in the first place and, thus, there was no indication that

Glenwood or FFIF profited from the sale of the debt. The Bankruptcy Court also noted that neither FFIF nor Glenwood had collected any money from Plaintiffs. Although, CPC did collect from Plaintiffs, it refunded the money.

Plaintiffs protested that the unanswered allegations in the Complaint comprised evidence that Glenwood sold the debt to FFIF, allegedly allowing both Defendants to wrongfully profit. Plaintiffs point to the following allegations in the Complaint for support:

5.      In the joint pre-trial statement, CPC disclosed that it was hired to collect a debt by FFIF, which had in turn purchased the debt from Glenwood.

8.      Plaintiffs understand from information furnished by CPC that Glenwood sold the debt for which it had filed a proof of claim to FFIF.

9.      Glenwood was legally obligated to designate its claim in this case as subject to bankruptcy. Mrs. Jones was advised by Glenwood that her pre-petition debt was so designated.

10.     The sale of the debt for purpose of collection was a willful violation of the automatic stay established by 11 U.S.C. § 362.

11.     FFIF is an entity who acquires debt in default merely for collection purposes, and who at all times relevant was engaged in the business of attempting to collect debt from Plaintiffs.

13.      The violation of the automatic stay of the bankruptcy by Glenwood and FFIF was willful within the meaning of 11 U.S.C. §362(k) entitling plaintiffs to recover actual and punitive damages.

14.     FFIF is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

15.     FFIF violated 15 U.S.C. §1692(f)(1) by collecting and attempting to collect an amount from plaintiff not permitted by law.

16.     FFIF violated 15 U.S.C. § 1692(c) by communicating through CPC knowing that plaintiffs are debtors in bankruptcy represented by counsel.

19.     Plaintiffs are entitled to recover additional damages of $1,000 from FFIF in accordance with 15 U.S.C. § 1692k(a)(2)(A), together with reasonable attorneys'

6

fees.

[Doc. No. 7, Appellant's Brief]. According to Plaintiffs, these concessions should allow them to recover damages in this case even though neither FFIF nor Glenwood actually recovered from Plaintiffs, and even though CPC refunded the money it collected. This is so, according to Plaintiffs, because it would violate the spirit of the automatic stay to allow these Defendants to act illegally without consequence.

The Court disagrees. The plain language, as well as the judicial interpretation of the automatic stay provision, demonstrate that damages are measured by the actual loss suffered by the debtor–not the profit to a creditor. Even if the Court credits the allegations in Plaintiffs' Complaint, Plaintiffs still had the burden of proving actual damages. They failed to meet their burden on that issue at the evidentiary hearing. The Court cannot award damages or attorneys' fees in such situations.

Thus, the Bankruptcy Court's decision not to award damages or attorneys' fees under the automatic stay provision is AFFIRMED.

### 3.   *Fair Debt Collection Practices Act*

Plaintiffs' Complaint–as well as their briefing before this Court–alleges that they also suffered damages under the FDCPA. However, the Bankruptcy Court did not address this claim.

Congress enacted the FDCPA to "eliminate abusive debt collection practices by collectors." 15 U.S.C. § 1692(e). "As such, the FDCPA enumerates several practices considered contrary to that goal, and forbids debt collectors from taking such action." *Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 349 (5th Cir. 1997). In this case, Plaintiffs allege that FFIF and Glenwood, as debt collectors, violated 15 U.S.C. § 1692f(1) and (c). 15 U.S.C. § 1692f(1) provides that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

1.        The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Section 1692(c) provides in pertinent part:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:

2.        If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the customer.

Initially, the Court must decide whether to address this issue at all: the Bankruptcy Court did not mention the FDCPA claim in its Judgment. Also, a review of the hearing transcript shows that the FDCPA claim did not arise during the evidentiary hearing.

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wuff,* 428 U.S. 106, 121 (1976); *see also Dragotta v. West View Sav. Bank*, 395 Fed. App'x. 828, 830-31 (3rd Cir. 2010) ("The District Court did not address whether or how the Handbook "fits" within the statute. We think the District Court should address this issue in the first instance. We will remand to give the District Court the opportunity to address this issue."); *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 474 (E.D. Tex. 1993) ("[A] district court acting as an appellate court in a bankruptcy case, may not consider an issue for the first time on appeal.") (citation omitted); *In re Monetary Group*, 91 B.R. 138, 140 (M.D. Fla. 1988) ("In contrast, if the

record reflects the issue was presented in a cursory manner and never properly addressed to the Bankruptcy Court, the issue is not preserved for appeal.") (citation omitted).

In this case, allowing the Bankruptcy Court to consider this issue first is appropriate: a debt collector under the FDCPA may be subject to statutory damages and attorneys' fees even if no actual damages are proven.[3] Accordingly, the FDCPA claim is REMANDED to the Bankruptcy Court for further proceedings consistent with this Court's opinion.

## III.   CONCLUSION

For the foregoing reasons, the Bankruptcy Court's November 23, 2015 Judgment is AFFIRMED with respect to the automatic stay claim addressed therein, and Plaintiffs' appeal is DENIED as to that claim. To the extent Plaintiffs seek statutory damages and attorneys' fees under the FDCPA, Plaintiffs' claim is REMANDED for further proceedings consistent with this opinion.

MONROE, LOUISIANA, this 21st day of June, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3]Specifically, the statute allows for actual damages and, in the Court's discretion, statutory damages not to exceed $1,000. *See* 15 U.S.C. § 1692(k). Jurisprudence holds that actual damages are not a prerequisite for statutory damages under the FDCPA. *See Baker v. G.C. Serv. Corp.*, 677 F.2d 775 (9th Cir. 1982). Moreover, the statute indicates that attorneys' fees and costs could potentially be available when the statutory penalty is appropriate. *Id*. at § 1692(k)(a)(3).